IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JASON JAMES HYATT,

                        Petitioner,

     v.

JOSH KAUL, Wisconsin Attorney General,
JARED HOY, Wisconsin DOC Secretary,
TROY ENGER, Wisconsin DCC Administrator, and
ANYA KAUFFMAN, Wisconsin DCC Probation
and Parole Agent,

                        Respondents.

ORDER

26-cv-226-wmc

---

Jason James Hyatt, a former state prisoner who is representing himself, has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. #1.) He is challenging his 2015 conviction in Portage County Circuit Court Case No. 14CF57 for: (1) second-degree recklessly endangering safety; (2) false imprisonment; and (3) bail jumping. Hyatt, who pleaded no contest to these charges and then unsuccessfully sought to withdraw that plea, was sentenced on November 4, 2016, to eleven years of initial confinement followed by seven years of extended supervision.

The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which requires the court to examine the petition and any supporting exhibits and dismiss the action if it "plainly appears" that petitioner is not entitled to relief. At this stage, the court looks to see whether the petitioner has set forth viable constitutional or federal law claims, exhausted available state remedies, and whether the petition is timely. Pleadings filed by pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Even

under this lenient standard, the court cannot complete its Rule 4 review because the pleadings are deficient for the reasons that follow.

As an initial matter, a federal writ of habeas corpus "shall not extend to a prisoner" unless he is "in custody" in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c). Typically, the "in custody" requirement is satisfied if the petitioner was incarcerated at the time of the filing of the petition. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The court understands from the pleadings that petitioner is no longer incarcerated. While petitioner has been released from confinement, it appears that he is "in custody" for purposes of the habeas corpus statute because he remains subject to extended supervision. *Jones v. Cunningham*, 371 U.S. 236, 242 (1963); *see also Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir. 2004) ("[i]t has long been established that "custody" does not require physical confinement"). Still, Rule 2(a) of the Rules Governing Section 2254 Cases requires a petitioner to name as respondent the state officer who as *custody* of him. Petitioner, who lists four different individuals as respondents, does not identify the specific state official having custody of him and does not satisfy Rule 2(a).

In addition, Rule 2(c) of the Rules Governing Section 2254 Cases requires a petitioner to set forth, at a minimum: (1) all grounds of relief available; and (2) the facts supporting each ground. Moreover, Rule 2(d) of the Rules Governing Section 2254 Cases requires a petitioner to "substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." The petition filed in this case does not provide the information required by Rule 2(c) or follow the form prescribed by Rule 2(d) or the form that is required by this court (AO 241), which is available on the court's public website. Petitioner's failure to comply with these rules makes it difficult to identify his claims, as well as determining whether they

were raised and rejected previously in state court.

In that respect, before an individual challenging a state judgment of conviction can seek a federal writ of habeas corpus, the petitioner must have first "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). The doctrine of exhaustion serves the interests of comity between federal and state sovereigns by giving state appellate courts a meaningful opportunity to consider and correct any alleged constitutional violation. *Lieberman v. Thomas*, 505 F.3d 665, 670 (7th Cir. 2007). Inherent in the exhaustion requirement is the habeas petitioner's duty to present his federal claims to the state courts "fully and fairly." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008) (citations omitted). To "fairly" present a claim, a petitioner must raise the same operative facts and controlling legal principles before the state courts in a procedurally proper manner. *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). In other words, a petitioner is required to present the state courts with "the same [substantive] claim that he urges upon the federal courts." *Picard*, 404 U.S. at 275-76. To "fully" present a claim, the petitioner must complete one round of state court review of a fairly presented claim, including seeking discretionary review before the state supreme court. *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001) (citing *O'Sullivan*, 526 U.S. at 845-48).

The petition filed in this case not only fails to follow the prescribed form, it fails to demonstrate that petitioner's claims were exhausted in state court and, if so, *when* those claims were fully and fairly presented for adjudication, raising an issue about whether the petitioner has sought federal habeas relief in a timely manner in compliance with 28 U.S.C. § 2244(d)(1), which imposes a one-year statute of limitations on seeking federal habeas corpus review. Further, to the extent petitioner challenges a state court judgment of conviction and any of

3

his claims were adjudicated on the merits in state court, he is not entitled to relief unless he demonstrates that the state court's adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). Petitioner does not attempt to make this showing, which may be made in a brief in support of his petition.

Because the pleadings are deficient, the court will require petitioner to replead using the requisite form, either the one appended to the Rules Governing Section 2254 Cases or the one available on the court's website, which will be provided along with this order. Petitioner should also file a separate brief in support of his claims, addressing the standard under 28 U.S.C. § 2254(d).

ORDER

IT IS ORDERED that:

1) By July 1, 2026, petitioner Jason James Hyatt must file an amended petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, curing the deficiencies identified above. Petitioner should also include a brief in support, demonstrating that he is entitled to relief under 28 U.S.C. § 2254(d).

2) The clerk's office shall provide petitioner with the form petition for a writ of habeas corpus under 28 U.S.C. § 2254 (AO 241), which is also available on the court's public website.

3) Petitioner is advised that if he fails to file an amended petition as directed, this case may be dismissed pursuant to Fed. R. Civ. P. 41(b) without further notice.

Entered this 27th day of May, 2026.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

5