IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JASON JAMES HYATT,

Petitioner,

v.

OPINION AND ORDER

26-cv-226-wmc

ANYA KAUFFMAN, Wisconsin Department of Community Corrections Probation and Parole Agent,

Respondent.

---

Jason James Hyatt, a former state prisoner who is representing himself while on supervised release, seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge his conviction in Portage County Case No. 14CF57. (Dkt. #1.) After the court found that his initial submission was deficient, Hyatt filed an amended habeas petition (dkt. #5), which is now before the court for preliminary review. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must examine the petition and any supporting exhibits and dismiss the action if it "plainly appears" that petitioner is not entitled to relief. When conducting this review, pleadings filed by pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Even under this lenient standard, the amended petition must be denied, and this case must be dismissed for the reasons explained below.

## BACKGROUND[1]

In Portage County Case No. 14CF57, Hyatt pleaded no contest to three violations of Wisconsin law: (1) second-degree recklessly endangering safety as domestic abuse; (2) false imprisonment as domestic abuse; and (3) bail jumping. Though other charges for attempted first-degree intentional homicide and aggravated battery with use of a dangerous weapon were dismissed on the prosecutor's motion, Hyatt unsuccessfully sought to withdraw his plea. That request was denied, and on November 4, 2016, the Portage County Circuit Court sentenced him to eleven years of initial confinement followed by seven years of extended supervision.

During his direct appeal, Hyatt's appointed counsel filed a no-merit report seeking to withdraw as appellate counsel under Wis. Stat. § 809.32 and *Anders v. California*, 386 U.S. 738, 744 (1967). Hyatt filed multiple responses raising 70 issues that he claimed would have supported withdrawing his plea, including a number of claims for ineffective assistance of counsel by the attorneys who represented him in circuit court. The Wisconsin Court of Appeals reviewed the record, the no-merit report, and Hyatt's responses, and concluded there were no arguably meritorious grounds for appeal. *See State v. Hyatt*, No. 2017AP2395, 2019 WL 13185392, at *1 (Wis. Ct. App. Feb. 27, 2019). Accordingly, the judgment of conviction was summarily affirmed. (*Id.*)

Hyatt claims that he sought further review by the Wisconsin Supreme Court. However, he received a "notice of remittitur" dated April 12, 2019, reflecting that his conviction was

[1] Unless otherwise indicated, the facts in this section are from the amended petition (dkt. #5), the supporting brief (dkt. #6), and annexed exhibits. In addition, the court has taken judicial notice of available state court records for petitioner's appeal and post-conviction motions referenced in the amended petition. *See Patrick v. City of Chicago*, 81 F.4th 730, 734 n.2 (7th Cir. 2023) (citing *Ewell v. Tony*, 853 F.3d 911, 917 (7th Cir. 2017)) (state court proceedings are a proper subject of judicial notice).

final.[2] (Dkt. #6-8.) Hyatt contacted the state court and was told by a clerk that there was no record of a petition for review being received or entered into the record.[3] Hyatt then filed a petition for a writ of certiorari with the circuit court on August 15, 2019, which was denied the following day.

On July 7, 2023, Hyatt filed a post-conviction motion under Wis. Stat. § 974.06, raising claims for ineffective assistance of trial and appellate counsel, as well as violations of due process and equal protection. The Portage County Circuit Court denied the post-conviction motion on July 27, 2023, concluding that his claims were procedurally barred for various reasons. Hyatt filed an appeal limited to his ineffective-assistance claims. The Wisconsin Court of Appeals summarily dismissed the appeal after holding that Hyatt's ineffective-assistance claims against the lawyers who had represented him in circuit court were procedurally defaulted under *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), and that any ineffective-assistance claims against his appellate attorney were similarly barred for failing to raise them properly under *State v. Knight*, 168 Wis. 2d 509, 522, 484 N.W.2d 540 (1992). *See State v. Hyatt*, No. 2023AP1433, 2024 WL 4783876 (Wis. Ct. App. Nov. 14, 2024). Thereafter, the Wisconsin Supreme Court summarily denied Hyatt's petition for review on March 13, 2025. *State v. Hyatt*, No. 2023AP143, 2025 WI 16.

---

[2] In Wisconsin, a direct challenge to a conviction becomes "final" the day the remittitur issues. *See* Wis. Stat. § 809.26; *State ex rel. Fuentes v. Wisconsin Court of Appeals*, 225 Wis.2d 446, 593 N.W.2d 48, 51 (1999).

[3] Hyatt alleges that he resubmitted his original petition for review again but provides no details about the date or location it was filed, and there is no record showing that one was ever docketed, either in circuit court, the court of appeals, or the Wisconsin Supreme Court. (Dkt. #6, at 6.) Although Hyatt speculates that the petition could still be pending after all these years, even he concedes that this is "unlikely." (*Id*. at 33.)

On March 17, 2026, Hyatt filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, which was deficient for several reasons articulated in the court's initial screening order. (Dkts. ##1, 4.) Subsequently, Hyatt filed an amended petition using the proper form and setting out the procedural history of his challenged conviction. (Dkt. #5.) Hyatt asserts one ground for habeas relief. Specifically, Hyatt argues that the state circuit court and court of appeals committed an "abuse of discretion" that violated his right to due process and equal protection when they failed or refused to apply the "facts and law" to his ineffective-assistance claims, finding them procedurally barred instead.

## OPINION

To begin, federal habeas corpus review of petitions filed by persons challenging a state court judgment of conviction are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). As relevant here, Hyatt had one year from the date on which the challenged judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review" to file his federal habeas petition. *Id.* at 2244(d)(1)(A). For state prisoners who have not sought review on direct appeal by the state's highest court, the judgment becomes final within the meaning of § 2244(d)(1)(A) on the date that the time for seeking such review expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Here, Hyatt's conviction became final in 2019, when the Wisconsin Court of Appeals affirmed the conviction and issued its notice of remitter on April 19, 2019, after which Hyatt was advised by the clerk's office that no petition for review by the Wisconsin Supreme Court had been received or filed. (Dkt. #5, at 3.) Thus, Hyatt's statute of limitations would have expired sometime in 2020, making the federal habeas petition filed by Hyatt in March of 2026 untimely.

The limitations period is tolled during the pendency of a properly filed application for state post-conviction relief. 28 U.S.C. § 2244(d)(2); *Day v. McDonough*, 547 U.S. 198, 201 (2006). Although Hyatt sought state post-conviction review in 2023, statutory tolling under § 2244(d)(2) will not save his untimely petition because the limitations period had already expired in 2020. *Gladney v. Pollard*, 799 F.3d 889, 893 (7th Cir. 2015). Hyatt contends that tolling is warranted because he diligently pursued post-conviction relief despite a number of impediments, including a stint in solitary confinement and the COVID-19 pandemic that limited his access to legal materials in 2021. However, the record shows he waited nearly a full year after the Wisconsin Supreme Court denied his petition for review of his post-conviction motion in March 2025, to seek federal habeas review in March 2026. Because he offers no explanation for this delay, equitable tolling is not available. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Hyatt does not otherwise make "a credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). As a result, his untimely petition is barred by limitations.

More importantly, even if the petition were timely, this action still must be dismissed because Hyatt fails to state a claim upon which federal habeas corpus relief may be granted. As noted above, Hyatt's sole claim is that the Wisconsin circuit court and court of appeals violated his constitutional rights by finding that his ineffective-assistance claims were barred by various state law procedural grounds, which he claims was erroneous.[4] However, "the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the

[4] The doctrine of procedural default precludes federal habeas review where the last state court to consider the claim based its denial of relief on an independent and adequate state-law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).

state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation." *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998). In other words, for reasons that are well established, federal habeas relief is not available for defects that occurred during state post-conviction proceedings for collateral review. *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996) ("errors in state collateral review cannot form the basis for federal habeas corpus relief"); *see also Williams v. State*, 640 F.2d 140, 143-44 (8th Cir. 1981) ("Errors or defects in the state post-conviction proceeding do not, *ipso facto*, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings."); *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986) ("the writ is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings . . . because the claims address collateral matters and not the underlying state conviction giving rise to the prisoner's incarceration"); *Bryant v. State*, 848 F.2d 492, 493 (4th Cir. 1988) ("claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief"); *Marshall v. Cowley*, 19 F.3d 1443, 1994 WL 56940, at *1 (10th Cir. 1994) (unpublished) (dismissing a petitioner's claim that a state procedural bar was inappropriately applied because errors in state post-conviction proceedings are "not sufficient to rase a federally cognizable issue"); *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) ("infirmities in state habeas proceedings do not constitute grounds for relief in federal court"); *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004) ("[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief.").

The nature of the errors alleged on state collateral review further underscore that Hyatt's central claim is not subject to federal review. Importantly, Hyatt's proposed ground for relief takes issue with the state court's ultimate decision that his ineffective-assistance claims were barred from post-conviction review by state procedural rules. The U.S. Supreme Court has held repeatedly that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). A federal court may not review federal claims in habeas if they rest on a state-law argument that a state court has rejected. *See Estelle*, 502 U.S. at 67-68 (re-emphasizing that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."); *Miller v. Zatecky*, 820 F.3d 275, 277 (7th Cir. 2016) ("A federal court cannot disagree with a state court's resolution of an issue of state law."). Because Hyatt's only claim for relief concerns state law determinations that occurred during state collateral review proceedings, and not the criminal prosecution itself, his claim is not cognizable under 28 U.S.C. § 2254. For this additional reason, the petition will be denied, and this action will be dismissed.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)

(quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. After careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not find its ruling debatable or wrong. Therefore, a certificate of appealability will be denied.

ORDER

IT IS ORDERED that:

1) The amended federal habeas corpus petition filed by Jason James Hyatt (dkt. #5) is DENIED and this action is DISMISSED WITH PREJUDICE.
2) A certificate of appealability is DENIED.

Entered this 4th day of November, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge